1  Michael J. McCue
   Nevada Bar No. 6055
2  Jonathan W. Fountain
   Nevada Bar No. 10351
3  Zachary T. Gordon
   Nevada Bar No. 13133
4  Lewis Roca Rothgerber Christie LLP
   3993 Howard Hughes Parkway, Suite 600
5  Las Vegas, Nevada 89169
   Telephone: (702) 949-8224
6  E-mail: mmccue@lrrc.com
   E-mail: jfountain@lrrc.com
7  E-mail: zgordon@lrrc.com

8  *Attorneys for Plaintiffs*
   *MGM Resorts International,*
9  *Mirage Resorts, Incorporated, and*
   *Mandalay Resort Group*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MGM RESORTS INTERNATIONAL, a Delaware corporation; MIRAGE RESORTS, INCORPORATED, a Nevada corporation; and MANDALAY RESORT GROUP, a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOES 1-10,<br><br>Defendants. | Case No.: 2:17-cv-01101-APG-GWF<br><br>**JONATHAN W. FOUNTAIN'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS** |

101953410_1

Pursuant to District of Nevada Local Rule LR IA 11-6(b) and Rule 1.16 of the Nevada Rules of Professional Conduct, I, Jonathan W. Fountain, hereby move the Court for entry of an order: (1) granting leave for me to withdraw from representing Plaintiffs MGM Resorts International, Mirage Resorts, Incorporated, and Mandalay Resort Group (together "MGM Resorts"); and (2) directing the Clerk of the Court to remove me from the CM/ECF service list for this case.

## STATEMENT OF FACTS

This trademark infringement action was filed on April 20, 2017. (ECF No. 1, Compl.) On June 27, 2017, Plaintiffs moved the court for leave to serve subpoenas to identify the presently unknown defendants. (ECF No. 5, Mot. for Leave to Serve Subpoenas.) The motion is pending. On July 25, 2017, the undersigned informed Lewis Roca Rothgerber Christie LLP of his resignation from further employment with the firm.

## LEGAL STANDARDS

District of Nevada Local Rule LR IA 11-6 governs attorney appearances, substitutions, and withdrawals. It states the following:

**LR IA 11-6. APPEARANCES, SUBSTITUTIONS, AND WITHDRAWALS**

(a) A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney. An attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case, however, the court may hear a party in open court even though the party is represented by an attorney.

(b) No attorney may withdraw after appearing in a case except by leave of the court after notice has been served on the affected client and opposing counsel.

(c) A stipulation to substitute attorneys must be signed by the attorneys and the represented client and be approved by the court. Except where accompanied by a request for relief under subsection (e) of this rule, the attorney's signature on a stipulation to substitute the attorney into a case constitutes an express acceptance of all dates then set for pretrial proceedings, trial, or hearings, by the discovery plan or any court order.

(d) Discharge, withdrawal, or substitution of an attorney will not alone be

2

        reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case.

(e)     Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing. If a trial setting has been made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

In addition, Rule 1.16 of the Nevada Rules of Professional Conduct governs the termination of representation. It states the following:

(a)     Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

    (1)     The representation will result in violation of the Rules of Professional Conduct or other law;

    (2)     The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

    (3)     The lawyer is discharged.

(b)     Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

    (1)     Withdrawal can be accomplished without material adverse effect on the interests of the client;

    (2)     The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

    (3)     The client has used the lawyer's services to perpetrate a crime or fraud;

    (4)     A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;

    (5)     The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

3

(6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) Other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

## **ARGUMENT**

The Court should grant leave to withdraw because the legal standards for withdrawal are easily satisfied. First, with respect to LR IA 11-6(b), I have informed MGM Resorts of my resignation from Lewis Roca Rothgerber Christie LLP and my intent to withdraw. In addition, this motion has been served on Defendant. Second, with respect to LR 11-6(e), no delay of discovery, trial, or any hearing in the case will result as Michael J. McCue will continue on as MGM Resorts' lead counsel. Third, with respect to Nevada Rule of Professional Conduct 1.16(b)(1), adequate grounds for withdrawal exist because withdrawal can be accomplished without material adverse effect to the interests of MGM Resorts as Michael J. McCue is continuing on as MGM Resorts' counsel. Fourth, Rule 1.16(c) is satisfied because, through this motion, I am complying with the Court's rules and procedures for withdrawal. Fifth, Rule 1.16(d) is satisfied because, again, Michael J. McCue is continuing on as MGM Resorts' lead counsel.

///

///

///

**CONCLUSION**

For the foregoing reasons, the Court should enter an order: (1) granting me leave to withdraw as counsel for MGM Resorts; and (2) directing the Clerk of the Court to remove me from the CM/ECF service list for this case.

Dated: this 27th day of July, 2017

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ Jonathan W. Fountain
Michael J. McCue
Jonathan W. Fountain
Zachary T. Gordon
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8224
E-mail: mmccue@lrrc.com
E-mail: jfountain@lrrc.com
E-mail: zgordon@lrrc.com

*Attorneys for Plaintiffs*
*MGM Resorts International,*
*Mirage Resorts, Incorporated, and*
*Mandalay Resorts Group*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 7/28/2017

5