# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MGM RESORTS INTERNATIONAL, *et al.*,

Plaintiffs,

vs.

JOHN DOES 1-10,

Defendants.

Case No. 2:17-cv-01101-APG-GWF

**ORDER**

This matter is before the Court on Plaintiff's *Ex Parte* Motion for Leave to Serve Subpoenas and for Extension of Time to Serve Summons and Complaint (ECF No. 5), filed on June 27, 2017.

## BACKGROUND

On April 20, 2017, Plaintiffs MGM Resorts International, Mirage Resorts Incorporated and Mandalay Resort Group ("Plaintiffs") filed a complaint against John Does 1 through 10 ("Defendants"). Plaintiff asserts that Defendants are unknown manufacturers and unknown suppliers of perfume and other beauty and skin care products that unlawfully bear Plaintiff's registered trademarks. *Complaint* (ECF No. 1), pg. 3, ¶ 9. Plaintiffs allege claims of Trademark Counterfeiting, Trademark Infringement, Unfair Competition, Trademark Dilution, Common Law Trademark Infringement and Common Law Unfair Competition. *Id.* at pgs. 10-14.

Plaintiff filed the instant Motion requesting leave to conduct immediate, limited discovery to identify and obtain Defendants' contact information. Plaintiffs seek to subpoena third-party retailers who sell the "infringing products" and represent that the information they obtain will be used only to identify, contact and serve Defendants. *Motion* (ECF No. 5), pg. 2. In addition, Plaintiffs represent that their subpoenas are narrow in scope and are the only way to obtain the information needed to serve Defendants. Plaintiffs assert that because the third-party retailers obtain the infringing products from Defendants, they must have the information Plaintiffs seek. *Id.* Plaintiff

argues that without this information, they will not be able to identify Defendants and continue to prosecute this lawsuit. *Id.* at pg. 3.

Plaintiffs claim that good cause exists to grant their request because: (1) there is no other means for identifying Defendants, (2) the target of discovery has information sought readily available, (3) there is no prejudice to Defendants or to the targets of discovery, (4) discovery will be able to uncover Defendants' identities and (5) the complaint will not be dismissed on other grounds. *Id.* at pgs. 6-8.

## **LEGAL STANDARD**

### I. Discovery Requests Prior to the Rule 26(f) Conference

Generally, discovery is not permitted without a court order before the parties have held a conference pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D.Cal.1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)). "The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.' " *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, 2012 U.S. Dist. LEXIS 62980, *7 (S.D.Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at 642)). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir.1977)). To determine whether to grant a request for early discovery, the court shall apply the conventional "good cause" standard that weighs the need for discovery to further justice against the prejudice to the opposing party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D.Cal.2002).

Courts in this district apply a three-factor test when considering motions for early discovery to locate certain defendants. *Columbia Ins.,* 185 F.R.D. at 578–80. First, "the plaintiff should

2

identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that the plaintiff has standing to pursue an action against defendant," plaintiff must show that some act giving rise to liability actually occurred and that the discovery is aimed at identifying the person who allegedly committed the act. *Id.* at 579–80 (citing *Plant v. Various John Does*, 19 F.Supp.2d 1316, 1321 n. 2 (S.D.Fla.1998)). Typically, District Courts within the Ninth Circuit have found good cause for early or expedited discovery in infringement cases. *Semitool,* 208 F.R.D. at 276.

## DISCUSSION

### I. Good Cause Exists for Leave to Conduct Expedited Discovery

Plaintiffs have demonstrated good cause exists for leave to take limited early discovery by successfully pleading the three factors discussed above.

#### A. Identification of Missing Parties with Sufficient Specificity

Due to the nature of internet trademark infringement cases, Plaintiff is only required to identify Defendants with sufficient specificity "to ensure that federal requirements of jurisdiction and justiciability can be satisfied." *Columbia Ins.*, 185 F.R.D. at 578. Plaintiffs' motion represents that Defendants are unknown manufacturers and suppliers of perfume and beauty and skin care products that bear Plaintiffs' registered trademarks. *Motion* (ECF No. 5), pg. 2. Plaintiffs' allege that Defendants' conduct is expressly aimed at this state and this district because Plaintiffs' business are located in Las Vegas, NV. *Id* at pg. 8. Moreover, Plaintiffs assert that the third-party retailers will not be prejudiced by the subpoenas because "Plaintiffs can identify the Infringing Products on the Third Party Retailers' own websites and request identity and contact information for the manufacturer(s) and supplier(s) of only those products." *Id.* at pg. 7, lns. 24-26. The Court, therefore, finds that Plaintiffs have identified the Doe Defendants with sufficient specificity.

### B. Previous Attempts to Locate Defendants

Plaintiff is also required to describe what good faith attempts have been made to locate and serve Defendants. *See Columbia Ins.*, 185 F.R.D. at 579. Plaintiffs' motion explains that they have sent cease and desist letters to Cadeau Express, Inc., who was identified as the worldwide distributor on many of the infringing products. *Motion* (ECF No. 5), pg. 7. In addition, Plaintiffs represent that they have sent cease and desist letters to other third-party retailers, but none have responded with information pertaining to Defendants. *Id.* Therefore, Plaintiffs maintain that they do not have any other way to identify Defendants without the requested discovery. *Id.* The Court finds that Plaintiffs have engaged in good faith attempts to locate Defendants and thus, this factor has been met.

### C. Ability to Withstand a Motion to Dismiss

The last prong requires Plaintiff to show "that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins.*, 185 F.R.D. at 580. In other words, Plaintiff must demonstrate that its Complaint is able to withstand a motion to dismiss. *Id.* at 579.

To state a cause of action for trademark infringement, a plaintiff must allege that (1) it has a trademark right; (2) that was used by defendant; (3) in a way that is likely to cause consumer confusion and thus infringe upon the trademark right. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir.1985). "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." *Abercrombie & Fitch Co. v. Moose Creek, Inc.*, 486 F.3d 629, 633 (9th Cir.2007).

Plaintiffs' complaint establishes that Plaintiffs are the registered owners of the trademarks being used on Defendants' perfume and other beauty and skin care products. *Complaint* (ECF No. 1), ¶¶ 10-26. Plaintiffs aver that Defendant are infringing upon those trademarks by using them to market and sell those products. *Id.* at ¶¶ 27-37. Plaintiffs assert that this infringing conduct has created consumer confusion, which is likely to continue, and which directly harms Plaintiffs in Nevada. *Id.* Consequently, Plaintiffs have alleged a prima facia case for trademark infringement which may withstand a motion to dismiss.

### D. Whether Requested Discovery Will Lead to Identifying Information

While not a factor, the *Columbia Ins*. court also requires Plaintiff to demonstrate that the requested discovery will lead to identifying information about Defendants that would make service of process possible. 185 F.R.D. at 580. The Court finds that Plaintiffs have adequately satisfied this inquiry. Plaintiffs' motion indicates that the third-party retailers, to which these subpoenas would be directed, should have the requested information because they sell Defendants' infringing products. *Motion* (ECF No. 5), pg. 7. It follows then that in order for the third-party retailers to obtain the infringing products, they must have Defendants' contact information. *Id.* The Court agrees. It appears likely that the third-party retailers would have the information Plaintiffs' seek.

## II. Good Cause Exists to Extend Time for Service of Summons and Complaint

Pursuant to Fed. R. Civ. P. 6(b) and LR 6, extensions of time may be granted for good cause shown. Further, Rule 4(m) of the Federal Rules of Civil Procedure – which governs the time limit of service – allows the court to grant an extension of time for service if the plaintiff can show good cause for the failure to timely serve a defendant. Here, the Court finds that Plaintiffs have provided sufficient good cause to warrant the requested ninety (90) day extension.

### CONCLUSION

For the reasons discussed herein, the Court finds that Plaintiff has met its burden of showing good cause. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Ex Parte Motion for Leave to Serve Subpoenas and for Extension of Time (ECF No. 5) is **granted**.

DATED this 28th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge